United States District Court
Southern District of Texas

**ENTERED**

April 08, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YADAIN NAMARA VAILLANT HERNANDEZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-1731 |
| BRET BRADFORD, et al., | § § | |
| Respondents. | § | |

**ORDER**

On March 3, 2026, Yadain Namara Vaillant Hernandez ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]  On March 4, 2026, the court entered an order (Docket Entry No. 4) stating:

> Unless Petitioner can distinguish her case from the decisions of this court cited above within 10 days from the entry of this order, the court will deny Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) and will dismiss this action.

Petitioner filed a response arguing that she is not bound by the Fifth Circuit's decision in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), because she has never conceded that she

---

[1]Petition for Writ Habeas Corpus and Complaint for Injunctive and Declaratory Relief ("Petition for Writ of Habeas Corpus"), Docket Entry No. 1.

-1-

is an applicant for admission within the meaning of § 1225(a)(1).[2] However, the Fifth Circuit has held that § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest. Buenrostro-Mendez, 166 F.4th at 498, 508. Because Petitioner was present in the United States at the time of her arrest,[3] the Fifth Circuit's analysis and holding applies in this case.

Petitioner also argues that this court is not bound by the Fifth Circuit's decision in Buenrostro-Mendez because the Central District of California vacated Matter of Yajure Hurtado in Bautista v. Santacruz, Case No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).[4] However, the Central District of California's vacatur of Matter of Yajure Hurtado has no effect on the Fifth Circuit's decision in Buenrostro-Mendez, because the Fifth Circuit's decision was based solely on its interpretation of the text of § 1225 and § 1226. Buenrostro-Mendez, 166 F.4th at 498 ("The statutory interpretation issue posed by these alien petitioners is novel but not recondite."). The court remains bound

---

[2]Petitioner's Response to Judicial Order ("Petitioner's Response"), Docket Entry No. 6, pp. 7-8. Petitioner also filed an amended complaint that reflects the arguments raised in her Response. Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief, Docket Entry No. 6.

[3]Petition for Writ of Habeas Corpus, Docket Entry No. 1, pp. 4-5.

[4]Petitioner's Response, Docket Entry No. 6, pp. 5-7.

-2-

by the Fifth Circuit's holding that § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest.

Because Petitioner has failed to distinguish her case from the decisions of this court, Petitioner's Petition for Writ Habeas Corpus and Complaint for Injunctive and Declaratory Relief (Docket Entry No. 1) and Petition for Writ Habeas Corpus and Complaint for Injunctive and Declaratory Relief (Docket Entry No. 6) are **DENIED,** and a final judgment will be entered dismissing the action with prejudice.

The clerk will provide a copy of this order and the Final Judgment to counsel for the Petitioner and to the United States Attorney.

**SIGNED** at Houston, Texas, on this 8th day of April, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE